IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **William Lee Sweeney, Jr.,** | : | **Civil Action No. 2:26-cv-32** |
| | : | |
| **Plaintiff,** | : | **JURY TRIAL DEMANDED** |
| **vs.** | : | **Electronically Filed** |
| | : | |
| **North Strabane Township, North Strabane** | : | |
| **Township Police Department, Brian D. Korey,** | : | |
| **William Bowlin, Rickey Taylor, Old Dominion** | : | |
| **Freight Lines, Inc., and Timothy Pierce,** | : | |
| | : | |
| **Defendants.** | : | |

## **COMPLAINT**

AND NOW, this 7th  day of January, 2026, comes the Plaintiff, William L. Sweeney, Jr., by and through Counsel, Adam J. Belletti, Esquire of POLLOCK, MORRIS, BELLETTI, LLC, averring as follows:-

### **I.     Jurisdiction**

1.      This action is brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343 (a), (3), (4) and the aforementioned statutory provision. Plaintiff further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

### **II.     Venue**

2.      The acts or omissions giving rise to the Plaintiff' claims arose in Washington County, Pennsylvania, which is within the Western District of Pennsylvania. Thus, pursuant to 28 U.S.C.A. § 1391(b)(2), venue is proper in the United States District Court for the Western District of Pennsylvania.

### III.    Parties

3.      The Plaintiff is William Lee Sweeney, Jr., who at all times mentioned in this Complaint, Plaintiff resided in Jefferson, Greene County, Pennsylvania, and was and is a United States citizen.

4.      Defendant North Strabane Township Police Department (NST) is a municipal body who maintains a Police Department and is responsible for law enforcement and supervision of its employee officers with a business address of 1957 Route 519, Canonsburg, PA 15317.

5.      Defendant North Strabane Township Police Department (NSTPD) is a municipal police department responsible for law enforcement and supervision of its employee officers with a business address of 2550 Washington Road, Canonsburg, PA 15317.

6.      Defendant, Brian D. Korey (Defendant Korey), was employed by the North Strabane Township Police Department at the commencement of the investigation as a police officer, and was promoted on or about January 27, 2023 to the position of Detective, it is Defendant Korey who filed various felony charges against the Plaintiff on or about January 9, 2024, in the County of Washington.  His Employment address is 2550 Washington Road, Canonsburg, PA 15317. Defendant Korey is sued in both his personal and official capacities and the initial actions of Defendant Korey were conducted under the color of his role as a detective for NSTPD.

7.      Defendant William Bowlin (Defendant Bowlin), is an individual who works for Defendant Old Dominion Freight Lines as the Manager of Sales and Service for the Old Dominion Freight Lines terminal in Eighty-Four, Pennsylvania.  His employment address is 20 Old Dominion Way, Eighty Four, PA 15330.

8.      Defendant William Bowlin (Defendant Bowlin), is an individual who works for Defendant Old Dominion Freight Lines as the Manager of Sales and Service for the Old Dominion Freight Lines

terminal in Eighty-Four, Pennsylvania. His employment address is 20 Old Dominion Way, Eighty Four, PA 15330.

9.    Defendant Rickie Taylor (Defendant Taylor), is an individual who works for Defendant Old Dominion Freight Lines as the Manager of Security for the Old Dominion Freight Lines including for its terminal in Eighty-Four, Pennsylvania. His employment address is 500 Old Dominion Way, Thomasville, North Carolina, 27360.

10.    Defendant Old Dominion Freight Lines, Inc., (Old Dominion) is a Virginia Corporation, whose principal business location is 500 Old Dominion Way, Thomasville, North Carolina, 27360.

11.    Defendant Timothy Pierce (Defendant Pierce) is an adult individual residing at 9 Rosewood Avenue, Marianna, PA 15345.

12.    At all relevant times Defendant Korey was acting under color of state law.

13.    At all relevant times, the actions taken by Defendants Korey, Taylor, Bowlin, and Pierce were in concert with one another and were part of a conspiracy to improperly and falsely charge, arrest, and prosecute the Plaintiff; and to otherwise deprive Plaintiff of his constitutional and statutory rights.

14.    At all times relevant hereto, the actions taken by Defendants NST, NSTPD, Korey, Taylor, Bowlin and Pierce were in bad faith and without probable cause or any other legitimate basis in law.

15.    At all times relevant hereto, the lack of supervision and deliberate indifference of the Defendants NST and NSTPD directly permitted the violations of the Plaintiff's civil rights as set forth herein.

### IV.    Factual Allegations

16.    The Plaintiff, William Lee Sweeney, Jr., was a long-time, good-standing, employee of Old Dominion Freight Lines at their terminal located at 20 Old Dominion Way, Eighty-Four, Pennsylvania in Washington County, Pennsylvania.

17.     The Plaintiff, William Lee Sweeney, Jr., was a dock worker and switcher at the time of the alleged thefts.

18.     On or about June 3, 2022, Defendant Taylor received a report that a shipment of firearms was received by Cabela's near Wheeling, WV was "10 guns short."

19.     Defendants Old Dominion, Bowlin, and Taylor received 2 or 3 (depending on the report, this fact was never made clear throughout the proceedings) additional reports of firearm thefts from shipments to Cabela's through the Old Dominion Terminal in Eighty-Four, Pennsylvania.

20.     Defendant Old Dominion has a duty to supervise its employees and prevent them from falsely incriminating persons such as the Plaintiff while conducting their employment duties.

21.     Defendant Old Dominion has a policy or custom of permitting their employees to investigate matters without direct oversight.

22.     Defendant Old Dominion has a policy or custom of withholding information from Law Enforcement, such as was done here as described herein.

23.     According to Defendant Taylor's testimony at the preliminary hearing, there were also three more shipments with missing guns.

24.     Defendants Old Dominion, Bowlin and Taylor failed to report the thefts to NTSPD until for four months, waiting until September 2022 to report the thefts to NSTPD.

25.     It is alleged that Defendants, Korey, Taylor, Bowlin and Pierce were working together in concert with  each other throughout their sham investigation of these thefts which had one primary designed end: To wrongfully convict the Plaintiff and deprive him of his civil rights.

26.     During the investigation, Defendant Korey allowed the private actors, Defendants Taylor and Bowlin to assume the bulk of investigatory duties.

27.    This included allowing Defendant Taylor to pull and provide all relevant information on his own, rather than having law enforcement do the same.

28.    This went as far as Defendant Korey and NSTPD permitting Defendant Taylor to "check-out" and retrieve electronic video-surveillance evidence from the Township's evidence locker mid-investigation.

29.    During the formative period of this investigation NST and NSTPD failed to ensure for proper leadership and supervision within the department, and did not have a chief officer in charge.

30.    The policy and custom of NST and NSTPD to operate a police department without an experienced supervisor/chief caused Defendant Korey to operate with lack of supervision and failure to conduct a proper investigation.

31.    The Defendants Taylor and Bowlin both provided voluminous false testimony and evidence in an attempt to prejudice and frame the Plaintiff including the following false claims:

a.    Making false statements and giving false testimony about limited access to the yard and security for the Old  Dominion terminal,

b.    Making false statements and giving false testimony about the Plaintiff being the only employee working on the days of the thefts,

c.    Reporting the same gun being stolen twice,

d.    Making false statements and giving false testimony about the contents of video surveillance and activities observed therein,

e.    Making false statements and giving false testimony about the Plaintiff and Defendant Pierce's interactions on video surveillance and,

f.    Making false statements and giving false testimony about the availability of the information they provided.

32.    Defendant Pierce made false and malicious statements against the Plaintiff and further provided false and malicious testimony against the Defendant

33.    It is believed and therefore averred that Defendants Taylor, Bowlin and Korey encouraged and solicited Defendant Pierce into making his false statements.

34.    The Defendant Pierce attempted to incriminate the Plaintiff as an attempt to receive a lesser sentence for his theft of the firearms case in Washington County, PA which is still pending as of this Complaint.

35.     The Defendant Pierce was also attempting to receive a lesser sentence for his Driving Under the Influence case in Washington County, PA which is still pending as of this Complaint.

36.    Defendant Taylor willfully destroyed evidence which would have been exculpatory to the Plaintiff in his criminal case in an attempt to further the conspiracy, including but not limited to destroying the trailer seals which he found in the yard.

37.    At least one of the firearms was stolen by Timothy Pierce.

38.    The Plaintiff was wrongfully terminated from his employment with Old Dominion due to the false, wrongful and malicious statements of Defendants Taylor, Bowlin and Pierce.

39.    The Defendants likewise failed to preserve evidence throughout the investigation and failed to exercise reasonable care in the investigation to the severe prejudice the Defendant including:

a.    Failing to secure evidence and allowing it to be checked-out,

b.    Failing to record interviews of confessions/interrogations,

c.    Failing to thoroughly investigate the matter, review evidence or preserve evidence, and

d.    Permitting Defendants Taylor and Bowlin to assume and conduct the investigation and abdicating investigative law-enforcement functions to the Private Actors.

40.     On January 9, 2024, the Plaintiff was wrongfully arrested and falsely charged with Theft by Unlawful Taking-Moveable Property (2 counts) and Receiving Stolen Property.

41.     The Plaintiff's charges in the action filed January 9, 2024 were felonies.

42.     On or about March 26, 2024, a preliminary hearing was held in which Defendants Bowlin, Taylor and Pierce all provided false testimony in an effort to see the charges against the Plaintiff bound over to Court.

43.     The matter was bound over to the Court of Common Pleas by MDJ James Sieva, Jr., on or about March 26, 2024.

44.     The only piece of evidence which arguably linked the Plaintiff to the alleged crimes were that he showed up to work every day and malicious statements of Defendant Pierce which were maliciously contrived by Defendant Pierce and coerced by his co-defendants.

45.     North Strabane Township has no policy requiring Detectives to do their own investigation, as opposed to letting alleged victims handle the investigation for them.

46.     Permitting the alleged victims to do the investigation, failing to follow up, or confirm the validity and veracity of evidence turned over to the NSTPD is highly problematic.

47.     North Strabane Township has no policy requiring all felony interrogations to be recorded, thus allowing for improper coercion of false and malicious testimony as took place here.

48.     North Strabane Township Police Department during this investigation had a custom, pattern and habit, fails to extend any supervision over the conduct of their Officers and Detectives.

49.     It was a custom and pattern of conduct by the North Strabane Township Police Department not require their Detectives to do their own investigation and abdicate those responsibilities to private actors like Defendants Taylor and Bowlin.

50.     This is particularly troublesome given the clear intent of Defendants Bowlin, Taylor and Pierce to "frame" and falsely incriminate the Plaintiff.

51.     These motives would have been uncovered rather easily had Defendant Korey and NSTPD conducted a thorough investigation, as several of the false statements by Defendants Taylor, Bowlin and Pierce could have been uncovered by a thorough investigation.

52.     NST and NSTPD have a duty to supervise all of their employees and to ensure they are properly trained, especially those employees who have the ability to wantonly intrude upon the constitutional rights of its citizenry, such as Detectives.

53.     In conducting the malicious investigation of the Plaintiff, Defendants NST, NSTPD and Detective Korey failed ensure for a proper investigation followed their own policies, willfully disregarding their own policies for:

      a.   Recording interviews,

      b.   Preserving the scene and evidence,

      c.   Making reasonable attempts to locate, identify and interview all available witnesses,

      d.   Making a record of interviews of all available witnesses,

      e.   Obtaining written witness statements,

      f.   Collecting evidence,

      g.   Prematurely closing the investigation,

      h.   Failing to investigate Defendant Pierce thoroughly,

      i.   Willfully disregarding the falsity of statements of the co-Defendants Pierce, Taylor and Bowlin,

      j.   Failing to record and document service of the Arrest Warrant on the Plaintiff,

k.  Including demonstrably false information without regard for the rights of the Plaintiff in the police report and criminal complaint, and

l.  Ensuring for Police investigation as opposed to relying on the alleged victim to conduct the entire investigation.

54.  NSTPD fails to maintain any policy:

a.  Independent Investigations which are not driven and controlled by potential bad actors,

b.  Preservation of evidence,

c.  Collection of Evidence,

d.  Interview of Witnesses and/or potential witnesses,

55.  The criminal case against the Plaintiff was dropped in or about November 12, 2025 following a petition by Assistant District Attorney Robert West to the Court requesting Judge Valarie Costanzo grant the Commonwealth leave to withdraw the criminal charge against William Sweeney by *Nolle Prosequi* and upon receiving leave, the charges were dropped..

56.  The reason for this is that Washington County District Attorney's office realized there was not nearly enough evidence linking the Plaintiff to the alleged crimes.

**Filing of Criminal Charges against the Plaintiff was without
Probable Cause and the product of Malice**

57.  The Plaintiff incorporate the allegations contained in Paragraphs 1 through 54, inclusive, as though more fully set forth herein.

58.  The events set forth herein in this Complaint and the events described in this Complaint as to the Plaintiff that led to his arrest were not conducted by Defendants Taylor, Bowlin and/or Korey with proper motive, but rather with malice towards the Plaintiff.

59.  Defendant NST and NSTPD's failure to train and supervise its employees was the direct cause of the constitutional violations suffered by the Plaintiff.

60.    Had proper training and supervision been observed and implemented by the NST and NSTPD, these violations would not have occurred.

61.    NST and NSTPD willfully fail to enforce their own policies.

62.    The events set forth above, were wrongfully motivated by the Defendant's Taylor, Bowlin and Old Dominion to cover up their own shortcomings in transportation of firearms freight.

63.    Firearms thefts have been an ongoing problem for Old Dominion across the country.

64.    Either Defendants Taylor, Bowlin and Old Dominion failed to disclose the ongoing problems with Firearms thefts to NSTPD and Defendant Korey OR NSTPD and Defendant Korey willfully withheld that exculpatory information from their police reports and/or warrants as required by their internal policies.

65.    The unlawful arrest, search, and seizure in this case are pattern, practice, and custom of subjecting citizens such as the Plaintiff to unreasonable arrest and prosecution in the absence of probable cause.

66.    NST and NSTPD, through their total failure to train, failure to supervise, or even inquire into the credentials of its Detectives or Officers allowed them to act with total impunity under the color of law and in the discharge (or wrongful discharge) of their duties and investigations.

67.    The Plaintiff are/were innocent and honest public employees who wanted nothing more than to perform their employment and serve their community.

68.    The Defendants Korey, NST, NSTPD, Bowlin, Taylor and Pierce acted willfully, deliberately, maliciously, or with reckless disregard of the Plaintiff' constitutional and statutory rights, and dis so in concert with one another.

69.    NST and NSTPD should not have assigned a felony investigation to a non-detective such as Defendant Korey in September 2022.

70.    As a direct and proximate result of the illegal and unconstitutional actions of all defendants, Plaintiff sustained pain, suffering, fear, anxiety, public embarrassment, loss of liberty, loss of employment, unemployability, unjust arrest, legal fees, unjust confinement, and emotional trauma; all to his severe detriment and loss.

71.    Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff' constitutional rights by subjecting Plaintiff to unreasonable search as well as subjecting Plaintiff to unlawful arrest and malicious prosecution.

72.    As a direct and proximate result of all Defendants' conspiratorial conduct, Plaintiff was subjected publicly to questions as to their moral turpitude and their entitlement to move freely within society, and exposed to censure and public ridicule.

73.    As a direct and proximate result of all Defendants' conduct, the Plaintiff suffered emotional trauma leading to temporary, but devastating emotional stress in having to handle the impact of the illegal, malicious conduct of the Defendants.

74.    The Plaintiff has been unable to find work for more than 2 years due to the false felony theft charges against him.

75.    Had the Defendants NST and NSTPD properly trained their detectives and law enforcement employees, Defendant Korey would have known and understood his duties in relation to the investigation, consideration of evidence, execution of search warrants and filing of frivolous and false charges.

## Causes of Action
## Causes of Action under Federal Law

**Count I: General Allegations: Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

Brought by Plaintiff  William L. Sweeney, Jr. on behalf of themselves against all Defendants

76.    The allegations set forth in paragraphs 1-74 of this Complaint are incorporated herein.

77.     As a direct and proximate result of all Defendants' conduct, committed under color of state law, Defendants deprived Plaintiff of their rights, privileges, and immunities under the laws and Constitution of the United States; Plaintiff' right to be free from unreasonable searches and seizures, false arrest, false imprisonment, verbal abuse, to be secure in ones' person and property, and to due process and equal protection of law. As a result, Plaintiff suffered and continue to suffer harm in violation of Plaintiff' rights under the laws and Constitution of the United States, and the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983 with no basis in fact or law by being falsely arrested and detained

78.     As a direct and proximate result of the acts and omissions of all Defendants, Plaintiff endured pain, suffering, emotional harm, financial losses, and were deprived of liberty and property, and suffered other diverse harms, all to the Plaintiff' detriment and loss.

79.     The Defendants worked together, much closer than is justifiable, to bring the false charges against the Plaintiff.

80.     The Defendants Old Dominion, Taylor and Bowlin usurped the investigatory functions of NST, NSTPD and Korey such that they are directly responsible for the harms suffered here.

WHEREFORE, for all the above reasons, the Plaintiff demand judgment against the Defendants jointly and severally in an amount together with compensatory, economic, and non-economic, and punitive damages, attorney's fees, costs of suit, and such other damages as the Court deems reasonable and proper.

**Count II: Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

Brought by Plaintiff  William L. Sweeney, Jr. on behalf of themselves against all Defendants

80.     The allegations set forth in paragraphs 1-79 of this Complaint are incorporated herein.

81.     Defendant North Strabane Township is a political subdivision and governmental entity responsible for the establishment, management, supervision and control of the North Strabane Township Police Department.

82.     Defendant North Strabane Township Police Department is a municipal entity which was created as a municipal police department with the township comprising its jurisdiction within the County of Washington in Pennsylvania.

83.     Township Police Officers and Township Police Detectives are tasked and trusted with significant responsibility and a duty to protect the public from being wronged.

84.     In the course of their duties, Police officers and Detectives are regularly confronted with difficult and complex decisions to investigate crimes and decide whether they warrant charging individuals with crimes.

85.     The complex and difficult nature of these decisions by Police officers and Detectives warrant serious and responsible training by their employers due to the dire impact that charges can have on an individual.

86.     Wrongfully filed criminal charges can, and likely will, have grave and irreparable harm, including: upending relationships, causing issues with housing, impacting employment, having negative impacts on victims mental health and undoubtedly causing harm to an individual's public reputation.

87.     Defendants NST and NSTPD have, or should have, established policies and procedures for its Officers and Detectives regarding the use of search and seizure of places and persons, power to arrest, the execution of search warrants, the filing of criminal charges against individuals and the arrest of individuals.

88.     Defendant Defendants NST and NSTPD has, or should have, established policies and procedures for its police officers regarding the use of search and seizure of places and persons, investigations of allegations, power to arrest, the execution of search warrants, the filing of criminal charges against individuals and the arrest of individuals.

89.     In establishing these procedures, Defendants NST and NSTPD had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that individuals would be subjected to the use of unlawful search and seizure, malicious prosecution, unlawful arrest, or loss of certain substantive due process rights by Defendant NSTPD's detectives while acting under color of state law.

90.     In establishing these procedures, Defendants NST and NSTPD had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that individuals would be subjected to the use of unlawful search and seizure, malicious prosecution, unlawful arrest, or loss of certain substantive due process rights by Defendant North Strabane Police Department employees while acting under color of state law.

91.     Failure to properly train Police officers, and Detectives will likely result in constitutional violations of the rights of individuals like the Plaintiff, and did cause harm and a violation of the constitutional rights of the Plaintiff.

92.     Defendants NST and NSTPD had a duty to properly train Police officers and Detectives (respectively) in order to avoid these constitutional violations and harms.

93.     Once Brian Korey became employed with the NSTPD, they failed to train or failed to properly train Defendant Korey as to when probable cause existed to file criminal charges.

94.     Once Defendant Korey became a Detective, NSTPD failed to train or properly train him as to when probable cause existed to file criminal charges and to obtain search warrants.

95.     It is apparent that Defendant Korey did not even understand his obligations in the investigation and the implications permitting the private-actor defendants Bowlin, Taylor and Old Dominion to execute the investigation.

96.     This lack of knowledge and failure to understand is a direct and proximate result of the NST and NSTPD's custom of failing to train, failing to require training or failing to inquire into the experience of its Detectives.

97.     A Detective is tasked with investigating citizens and is regularly confronted with (or provided the opportunity to violate) the constitutional rights of the citizens who might be subject to an investigation.

98.     It is entirely predictable that a Detective hired in such a haphazard manner (without inquiry into experience, training, or qualifications) who is not required to undergo any specific special training and who is not subjected to any supervision, would intrude and impede upon the Constitutional rights of the citizenry.

99.     The need for proper training of a Detective, tasked with criminal investigations which *must* be done in a constitutionally valid manner is so clear and obvious that failing to train amounts to deliberate indifference.

100.    It is clear that a Detective will be confronted with the duty of having to observe the constitutional rights of those individuals under investigation on a nearly daily basis.

101.    NST and NSTPD's failure to require training, given the obvious scenarios of constitutionality, amounts to a deliberate indifference to the rights of the citizenry and creates an extremely high likelihood of the deprivation of constitutional rights at the hands of a Detective.

102.    Defendant NST and NSTPD's failure to supervise Detectives, given the obvious scenarios of constitutionality, amounts to a deliberate indifference to the rights of the citizenry and creates an extremely high likelihood of the deprivation of constitutional rights at the hands of a Detective.

103.    Notwithstanding its mentioned duties, Defendant NST and NSTPD's were negligent and/or willfully indifferent to the rights of the citizens of Washington County and the Plaintiff, by one or more of the following wrongful acts or omissions to act in violation of the Plaintiff' Constitutional rights, in that it:

a.    Allowed policies and procedures to continue in force and effect which resulted in the use of unlawful arrest and malicious prosecution against the Plaintiff, and violation of all the Plaintiff' substantive due process rights essential to the pursuit of happiness and the right to be secure in their persons and free from baseless arrest;

b.    Had a custom and practice of failing to independently and adequately investigate complaints;

c.    Had a custom and practice of failing to effectively discipline or retrain county detectives, chiefs and officers who wrongfully utilized unlawful arrest, malicious prosecution, and unlawful search and seizure;

d.    Failed to establish appropriate policies and procedures to address and correct the use of unlawful arrest, malicious prosecution, and unlawful search and seizure by Police Officers, Police Chiefs, and Detectives;

e.    Showed deliberate indifference to the rights of these Plaintiff' Constitutional Rights by virtue of failing to train and supervise Police Officers, Police Chiefs, and Detectives.

f.    Failed to ensure for proper management and supervision by failing to maintain a chief with adequate experience to supervise Detectives and Police Officers.

104.    As a direct and proximate result of one or more of Defendant Defendants NST and NSTPD's foregoing wrongful acts or omissions to act, the Plaintiff sustained a violation of their rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, injury to their person, pain, suffering, disability, loss of the support, society and companionship between the Plaintiff, mental anguish, humiliation, and other diverse injuries.

105.    As a direct and proximate result of one or more of Defendant NST and NSTPD's foregoing wrongful acts or omissions to act, the Plaintiff sustained a violation of their rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, injury to their person, pain, suffering, disability, loss of the support, society and companionship between the Plaintiff, mental anguish, humiliation, and other diverse injuries.

106.    The custom and policy of the Defendant NST and NSTPD's, in allowing Detectives and Officers to operate with no supervision, no training on the constitutional rights of citizens, and no accountability within the Township are the direct causes of the deprivations of constitutional rights of the Plaintiff, specifically to be free from unreasonable searches and seizures under the 4th and the deprivation of liberty  under the 5th Amendments of the Constitution.

107.     Due to the lack of training and oversight, and being allowed to operate with total impunity, Defendants Taylor, Bowlin, Pierce and Korey engaged in a course of conduct whereby they would use any means necessary, up to, and including, destroying evidence, providing false testimony, failing to preserve evidence, obtaining arrest warrants and filing of false and baseless criminal charges.

108.    Defendant Old Dominion likewise employed and paid the Defendants Bowlin and Taylor to conduct a fraudulent investigation, provide false testimony, destroy evidence and otherwise attempt to cover their own failings a  secure freight carrier, which lead to the deprivation of constitutional rights, false arrest and malicious prosecution of the Plaintiff.

109.    Defendant Old Dominion employed Defendant Taylor in his conduct wherein he usurped the duties and fact-finding ability of Defendants Korey and NSTPD and wherein he assume the role of a state-actor without proper training or supervision.

110.    As a direct and proximate result of Defendants' described acts and inaction, Plaintiff suffered significant violations of their constitutional rights, pain, suffering, mental anguish, humiliation, loss of liberty, and other diverse injuries and are entitled to damages under 28 U.S.C. § 1983.

WHEREFORE, for all the above reasons, the Plaintiff demand judgment against the Defendant North Strabane Township, North Strabane Police Department and Old Dominion Freight Lines, Inc., in an amount together with compensatory, economic, and non-economic, attorney's fees, costs of suit, and such other damages as the Court deems reasonable and proper.

### Count III: Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983: Malicious Prosecution

Brought by Plaintiff  William L. Sweeney, Jr. on behalf of themselves against all Defendants Timothy Pierce in his individual capacity, Defendant Rickie Taylor in his individual capacity, Defendant William Bowlin in his individual capacity, and Defendant Korey in his individual capacity and, in the alternative, his official capacity as NSTPD Detective:

111.    The allegations set forth in paragraphs 1- 112 of this Complaint are incorporated herein.

112.    To cover up the failures and lack of security, Defendants Taylor and Bowlin set forth on a sham investigation of the Plaintiff in an attempt to conjure up multiple baseless criminal charges to be filed against the Plaintiff.

113.    The Defendants, acting in concert, caused a Criminal Complaint to be filed with Pennsylvania Magisterial District 27-2-01.

114.    The Defendant Korey instituted the prosecution of Plaintiff with malice and with no reasonable or probable cause in violation of the Plaintiff' Fourth Amendment rights.

115.    The charges filed by Defendant Korey were the direct result of the false information and inadequate investigation of Defendants Bowlin and Taylor and the false statements of Defendant Pierce.

116.    Plaintiff was discharged from custody and criminal proceedings upon the granting of their District Attorney's Nolle Prossequi, by the Honorable Valarie Costanzo of the Washington County Court of Common Pleas, completely terminating the prosecution of the Plaintiff's charges in this matter in favor of the Plaintiff.

117.    As a direct and proximate result of Defendants' described acts, Plaintiff suffered pain, suffering, mental anguish, humiliation, loss of employment, legal fees, unemployability, bankruptcy, loss of liberty, and other diverse injuries and are entitled to damages under 28 U.S.C. § 1983.

WHEREFORE, for all the above reasons, the Plaintiff demand judgment against the Defendants jointly and severally in an amount together with compensatory, economic, and non-economic, and punitive damages, attorney's fees, costs of suit, and such other damages as the Court deems reasonable and proper.

## Causes of Action Under State Law

## Count IV: False Arrest

Plaintiff brings this action on behalf of himself against Defendant Korey, in his individual capacity and, in the alternative, his official capacities as NSTPD Detective;

118.    The allegations set forth in paragraphs 1-117 of this Complaint are incorporated herein.

119.    Defendant's above-described acts constituted a False Arrest under the common law of Pennsylvania. Plaintiff further aver as follows.

a.    At all times material, Defendant Korey was on duty as the NSTPD Officer and/or NSTPD Detective  and was acting under the color of law and within their employment by Defendant NSTPD.

b.    On or about January 9, 2024, acting in furtherance of the conspiracy with the other Defendants, and in his capacity as NSTPD Detective, wrongfully, unlawfully, without probable cause, and on the charges, then made, that are further described hereinabove, arrested the Plaintiff.

120.    Defendants committed these actions intentionally and without just cause or provocation on the part of Plaintiff and in bad faith.

121.    As a direct and proximate result of the facts and circumstances set forth above, the Plaintiff were deprived of their liberty and have suffered great mental pain and suffering, significant financial losses and unemployability.

122.    The Plaintiff were also subjected to public embarrassment and damage to their name and reputation by the filing of these charges.

WHEREFORE, for all the above reasons, the Plaintiff demand judgment against all the Defendant in an amount together with compensatory, economic, and non-economic, punitive damages, attorney's fees, costs of suit, and such other damages as the Court deems reasonable and proper.

### Count V: Intentional Infliction of Emotional Distress

Brought by Plaintiff  William L. Sweeney, Jr. on behalf of themselves against all Defendants Timothy Pierce in his individual capacity, Defendant Rickie Taylor in his individual capacity, Defendant William Bowlin in his individual capacity, and Defendant Korey in his individual capacity and, in the alternative, in his official capacity.

123.    The allegations set forth in Paragraphs 1 - 122 of this Complaint are incorporated herein.

124.    Defendants' above-described acts constitute Intentional Infliction of Emotional Distress under the common law of Pennsylvania. Plaintiff further aver as follows:

a.    At all times material, Defendant Korey, individually and as agent, servant, and employee of Defendant NSTPD had a duty to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct.

b.    The Defendant acted with malice, in bad faith, intentionally or recklessly in taking the actions described in this Amended Complaint.

142.    The Defendant Korey's conduct described in this Complaint was extreme and outrageous.

143.    The Defendant knew, or should have known, that by subjecting the Plaintiff to false and unjustified criminal charges and the emotional stress of being falsely arrested, that they, the Defendants, would be inflicting serious, emotional distress upon the Plaintiff.

144.    The Defendants' extreme and outrageous conduct was the direct and proximate cause of emotional distress on the part of Plaintiff, as follows:

a.    Plaintiff suffered and continue to suffer emotional trauma manifesting itself in an inability to sleep, development of severe anxiety and depression, and other physical ailments associated with and attributable to anxiety,

b.    Plaintiff suffered emotional trauma with physical manifestations such as inability to sleep and a fear of being present in public places,

c.    Plaintiff suffered public alienation, ostracization and humiliation because of the false and malicious charges filed by the Defendant Korey.

145.    Plaintiff has been, and continues to be, in mental health treatment as a result of the false and malicious charges filed against him.

WHEREFORE, for all the above reasons, the Plaintiff demand judgment against the Defendant jointly and severally in an amount together with compensatory, economic, and non-economic, punitive damages, attorney's fees, costs of suit, and such other damages as the Court deems reasonable and proper.

### Count VI: Malicious Prosecution

Brought by Plaintiff  William L. Sweeney, Jr. on behalf of themselves against all Defendants Timothy Pierce in his individual capacity, Defendant Rickie Taylor in his individual capacity, Defendant William Bowlin in his individual capacity, and Defendant Korey in his individual capacity and, in the alternative, in his official capacity.

146.    The allegations set forth in paragraphs 1-145 of this Amended Complaint are incorporated herein.

147.    Defendants' above-described acts constitute Malicious Prosecution under the common law of Pennsylvania. Plaintiff further aver as follows:

    a.    Defendants initiated criminal proceedings against Plaintiff further described hereinabove with malice and in bad faith, being without probable cause, which was done for a purpose other than that of bringing an offender to justice,

    b.    The proceedings were terminated in favor of the Plaintiff as described hereinabove.

148.    As a direct and proximate result of Defendants' described acts, Plaintiff suffered emotional suffering, mental anguish, humiliation, loss of liberty, financial losses, loss of employment and employability, bankruptcy and other diverse injuries.

WHEREFORE, for all the above reasons, the Plaintiff demand judgment against the Defendants jointly and severally in an amount together with compensatory, economic, and non-economic damages, attorney's fees, costs of suit, and such other damages as the Court deems reasonable and proper.

**Count VII: Invasion of Privacy (False Light)**

Brought by Plaintiff  William L. Sweeney, Jr. on behalf of themselves against all Defendants Timothy Pierce in his individual capacity, Defendant NST, Defendant NSTPD, Defendant Old Dominion, Defendant Rickie Taylor in his individual capacity, Defendant William Bowlin in his individual capacity, and Defendant Korey in his individual capacity and, in the alternative, in his official capacity.

149.    The allegations set forth in paragraphs 1-148 of this Amended Complaint are incorporated herein.

150.    Defendants' above-described acts constitute an Invasion of Privacy under the common law of Pennsylvania.

151.    Plaintiff further aver as follows.

a.    By filing the charges in question, the Defendants gave publicity to Plaintiff' false arrest placing them before the public in a false light.  Specifically, Defendants caused information regarding their unlawful arrest to be publicly disseminated which placed the Plaintiff in an offensive false light;

b.    Said public filings indicated that Plaintiff had been charged with the various offenses further described hereinabove, and therefore created the public impression that Plaintiff had committed acts that rose to the level of criminal activity;

c.    Said charges placed Plaintiff in a false light as he had not in fact committed the crimes listed in the newspaper article which was offensive and caused the Plaintiff distress and humiliation on a public stage;

152.    Defendants acted in concert in committing these acts. Defendants acted with knowledge or reckless disregard as to the falsity of the publicized matter and the false light in which the Plaintiff would be placed.

153.    The information published by the Defendants, while public in nature, was used against the Plaintiff in such an indiscriminate manner that publicly created an offensively false image of the Plaintiff.

154.    The false light in which Defendants' placed Plaintiff would be highly offensive to a reasonable person and caused the Plaintiff to suffer shame and humiliation.

WHEREFORE, for all the above reasons, the Plaintiff demand judgment against the Defendants jointly and severally in an amount together with compensatory, economic, and non-economic, punitive damages, attorney's fees, costs of suit, and such other damages as the Court deems reasonable and proper.

## Count IX: Civil Conspiracy

Brought by Plaintiff  William L. Sweeney, Jr. on behalf of themselves against all Defendants Timothy Pierce in his individual capacity, Defendant Rickie Taylor in his individual capacity, Defendant William Bowlin in his individual capacity, and Defendant Korey in his individual capacity and, in the alternative, in his official capacity.

155.    The allegations set forth in paragraphs 1-154 of this Complaint are incorporated herein.

156.    Defendants' above-described acts constitute a Civil Conspiracy under the common law of Pennsylvania.

157.    On or about January 9, 2024, Defendants, acting in concert and conspiracy, committed the act of false arrest against Plaintiff.

158.    The conduct of the Officer Defendant Korey, acting in concert and conspiracy with Defendants Pierce, Taylor and Bowlin, was undertaken knowingly, intelligently, intentionally, negligently, recklessly and/or with malice and in reckless disregard of Plaintiff' rights under the Constitutions and statutes of the United States and the Commonwealth of Pennsylvania.

159.    Defendants Korey, Pierce, Taylor and Bowlin acted with the common purpose of committing an unlawful act in their actions on or about January 9, 2024, by falsely prosecuting and harassing the Plaintiff.

160.    As a result of all Defendants' conduct, acting in concert and conspiracy, Plaintiff suffered and continues to suffer pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, unemployability, legal fees, loss of employment, bankruptcy and other diverse injuries.

161.    The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous, and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, for all the above reasons, the Plaintiff demands judgment against the Defendants jointly and severally in an amount together with compensatory, economic, and non-economic, punitive damages, attorney's fees, costs of suit, and such other damages as the Court deems reasonable and proper.

### Count X: Civil Conspiracy to Violate Civil Rights under 42 U.S.C. §1985

Brought by Plaintiff  William L. Sweeney, Jr. on behalf of themselves against all Defendants Timothy Pierce in his individual capacity, Defendant Rickie Taylor in his individual capacity, Defendant William Bowlin in his individual capacity, and Defendant Korey in his individual capacity and, in the alternative, in his official capacity.

162.    The allegations set forth in paragraphs 1-161 of this Complaint are incorporated herein.

163.    Defendants' above-described acts constitute a Civil Conspiracy under 42 U.S.C. §1985.

164.    On or about January 9, 2024, Defendants, acting in concert and conspiracy, committed the act of false arrest against Plaintiff.

165.    The conduct of the Officer Defendant Korey, acting in concert and conspiracy with Defendants Pierce, Taylor and Bowlin, was undertaken knowingly, intelligently, intentionally, negligently,

recklessly and/or with malice and in reckless disregard of Plaintiff' rights under the Constitutions and statutes of the United States and the Commonwealth of Pennsylvania.

166.    Defendants Korey, Pierce, Taylor and Bowlin acted with the common purpose of committing an unlawful act in their actions on or about January 9, 2024, by falsely prosecuting and harassing the Plaintiff.

167.    Further, Defendants Korey, Taylor and Bowlin acted with common purpose in an effort to frame the Plaintiff and compel Defendant Pierce to provide false testimony against the Defendant.

168.    As a result of all Defendants' conduct, acting in concert and conspiracy, Plaintiff suffered and continues to suffer pain and suffering, emotional distress, mental anguish, loss of reputation, scorn of the community, unemployability, legal fees, loss of employment, bankruptcy and other diverse injuries.

169.    The actions of all Defendants exceeded the normal standards of decent conduct and were willful, malicious, oppressive, outrageous, and unjustifiable and, therefore, punitive damages are necessary and appropriate.

WHEREFORE, for all the above reasons, the Plaintiff demands judgment against the Defendants jointly and severally in an amount together with compensatory, economic, and non-economic, punitive damages, attorney's fees, costs of suit, and such other damages as the Court deems reasonable and proper.


WHEREFORE, the above premises all considered, the Plaintiff demands:

a.    That process issue to the Defendants and that they be required to answer in the time allowed by law.

b.    That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

    c.     That Plaintiff be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past and future; permanent injury and disability; loss of enjoyment of life; and medical and psychological expenses, both past and future.

    d.     That Plaintiff be awarded punitive damages against the Defendants.

    e.     That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

    f.     That the Plaintiff receive any other further and general relief to which it may appear they are entitled.

    g.     A jury for the trial of this matter

Respectfully Submitted,
POLLOCK, MORRIS, BELLETTI & SIMMS, LLC,
54 S. Washington St.
Waynesburg, PA  15370
T: (724) 627-6156
F: (724) 627-7696
-

/s/ Adam J. Belletti
Adam J. Belletti, Esquire
adam@pollockmorris.com
 Pa. I.D. No. 307733